Good morning everyone. Our next case is Gregory v. Byrd, Appeal No. 20-3204, Ms. Upshaw. Good morning and may it please the Court, Amy Upshaw for Appellant Michael Gregory. The District Court entered one of the harshest sanctions available. It dismissed Gregory's complaint with prejudice, all because of a single purported discovery error. That was wrong and the order should be reversed for two independent reasons. First, there was no order compelling Gregory to engage in any specific discovery and certainly no order that he violated. So as a matter of law, the Rule 37 sanction cannot stand. And second, the sanction the Court entered was not proportionate to the circumstances of this case. So let me first start with Rule 37. In Evans v. Griffin, this Court explained that Rule 37 is progressive. The sanctions under Rule 37b are generally not appropriate until you first go through the Rule 37a motion to compel the specific discovery that you want. Here, there was no Rule 37a motion to compel, there was no order to compel, and he didn't violate. Can I ask you a question about that? And I want you to talk about the second thing, so I don't want to belabor this, because I think your argument is that they're independent, right? If we find that there was a proper Rule 37 order, we can still reverse based upon the harshness of the penalty. But where would it end, you know, under Rule? I'm with you on the first discovery order in Evans, okay? So they went and got basically a notice to take the deposition. Then he said he would not appear for a deposition by Zoom or didn't want to appear. That was actually litigated. He objected, the district judge ordered him to appear for a deposition by Zoom, and then he gets there and he refuses to answer certain questions about his criminal history. If they walked away and the judge said, okay, I'm going to order you to answer questions about your criminal history, and they went back and he said, I'm not going to answer questions about my education. And then the judge said, you have to answer questions about your education. I'm not going to answer questions about my medical history. On and on and on. It seems to me like under the way you want us to read Rule 37A, there would never be an appropriate order under 37A because the judge would never have ordered him to answer those specific questions until he refused. Your Honor, I do think what matters for the order is whether he has been compelled to engage in a specific set of discovery, and it might be that you order someone to be deposed and to answer all relevant questions, all whatever questions, subjects. Isn't that answering all relevant questions? Isn't that sort of intertwined with the order to sit for a deposition? I mean, that's why judges don't sit at these depositions ruling on objections. You answer the question. Your attorney objects. The judge can later disregard the answer. Well, the court said in Evans that an order that just allows a deposition to proceed. I'm with you on that. But that's the first order. That's correct. And then the second order, it's important to remember that a deposition cannot proceed remotely unless you have a stipulation or a court order. So this is similarly just a sort of run-of-the-mill court order that courts routinely issue that allow these depositions to occur remotely via Zoom. And so it is true he said he didn't want to be deposed via Zoom. The court said he should. But then he did. He proceeded. He appeared for the deposition. He was sworn in. He answered dozens of questions. He was willing to participate in the Zoom deposition. The issue arose when he didn't want to answer questions about his past convictions and he felt like he was being treated with sort of disrespect. You agree the questions were proper, I assume. I think the context is really important. So if you look at the way this case has been litigated, Gregory had actually asked for discovery related to Dr. Bird's past convictions. Oh, I understand that point, too. I understand his frustration about asymmetry there. But just if you're the judge saying does the plaintiff have to answer questions about his criminal history, the answer is pretty clearly yes, right? As a general rule, I think yes, unless something is privileged or there's some other reason why you can't answer the general question. But for a lot of litigants, that's a counterintuitive result. That's exactly right. And there are tools where if you have a dispute where it seems like a party isn't understanding exactly the scope of what they're supposed to answer, the Northern District of Indiana did allow you to be able to call the magistrate judge to get rulings on issues sort of in real time. That was never an option that was presented. That could have resolved some of the confusion here and made that plain so that you had the judge saying this is what you have to do. These are the questions you have to answer. And aside from the Rule 37A motion, which I think is a matter of law, it did not set up sanctions here, I do want to address the circumstances because I think this is a particularly important point. This court has said that it's going to be vigilant in reviewing a dismissal with prejudice. Here you have no warning from the court. This court has instructed that the general rule is you should give a warning to a litigant before dismissing the case with prejudice. You don't have any sort of pattern or practice that might justify a warningless dismissal. This is the first, the only discovery error that has occurred in this case. And this case has been litigated. It had been litigated for over a year at that point. Interrogatories had gone back and forth. Document requests had gone back and forth.  Gregory was moving forward and trying to do his best to abide by the court orders and the rules. As we mentioned, I think that the relevance confusion was understandable given the way that this case had been litigated. Again, I don't think there was any bad faith. It wasn't him trying to hide anything from the other side. It was an attempt to play by the rules that were being followed in this litigation. Ms. Upshaw, can I ask you to address a point that I think I recall the district judge making, which is that it ties in with Judge Kirsch's questions as well, and that's a concern about the deterrent effect of lesser sanctions against litigants who are indigent. This court in Evans outlined a few sanctions that could be deterrent. It's true that maybe offering sort of expenses, attorney's fees, something like that, will not be helpful. But here, I mean, there's a warning, which the court considered a sanction. There are very small monetary fines, which might be very effective. The court will have access, presumably, in a form of pauperous case to the prisoner's account. I can't answer that affirmatively one way or another, but I imagine there's a way to figure out that information. You could do a dismissal without prejudice if you think this case is really going nowhere. And so there are a variety of tools at your disposal to be able to tailor a sanction that's appropriate in these circumstances. It's not, you know, you get costs or your case is dismissed. There are a wide range of sanctions in between that would be appropriate. If there are no further questions, I'd ask that the court reverse, and I'll save my time for rebuttal. Sure. Thank you. Ms. Stewart. Good morning, counsel. May it please the court. My name is Lindsay Stewart, and I represent Dr. Byrd. We ask that this court affirm the judgment of the district court as the court acted within its discretion in dismissing Gregory's case as a sanction for walking out of his discovery deposition without a legitimate reason. Before I get into a discussion of evidence, I just want to reiterate the point made in my brief, that these arguments being pressed on appeal, that Gregory appropriately terminated his deposition pursuant to Rule 30D based on his belief that the deposition was being conducted in a harassing manner, or that he had some fundamental misunderstanding of relevancy objections that permitted him to walk out of his deposition, are waived. Those arguments are not properly before the court, because Gregory never made those arguments to the district court in opposition to the motion for sanctions. Don't we run into a similar problem with your argument about Rule 37D as an alternative ground for affirmance, since that calls for an exercise of, well, first for a meet and confer, and then for an exercise of discretion that was never actually exercised. I'm sorry, Judge, did you say 37D? Yes. I believe a complete reading of the transcript shows that counsel during the deposition was respectful and solicitous, and repeatedly asked Mr. Gregory to continue the deposition and to sit for his deposition. And I don't think that this court needs to address 37D to affirm sanctions in this matter, because all of the predicates for a 37B sanction were met. My question is whether we can address 37D. Sure. My issue with respect to 37D, Your Honor, is just that the plaintiff's argument for a strict interpretation of 37D by only allowing for a literal interpretation of the word appear, advocates for sanctions only in a case where a litigant literally fails to show up, would render this rule toothless in the correctional. But the more basic problem is the district judge did not exercise 37D discretion, right? I don't believe that the district court based his order on Rule 37D. Exactly. Okay. Could I ask you about a little bit of the background here, Ms. Stewart? In the appendix for the appellant, we have a letter that one of your colleagues, Ms. Van Tile, sent to Mr. Gregory in essence saying quite clearly that his discovery requests were improper and abusive because they sought information about Dr. Bird's prior conduct, right? Yes. I guess my question is given the high standard of deliberate indifference and many opinions of this court that suggest that if all you have is an isolated instance of wrongdoing, it's much harder to infer deliberate indifference. Why wouldn't information about complaints in other cases about a doctor's care be relevant? If I'm recalling the letter you're speaking of, Judge, I believe that the objections to that discovery was pertaining to baseless allegations of criminal conduct by Dr. Bird. What I would say is that the record isn't fully developed on that matter because the district court never had an opportunity to review those discovery orders or make any rulings. Dr. Bird was never compelled to answer those discovery requests and Gregory never brought that to the attention of the district court pursuant to a motion. Fair enough. I'm just trying to suggest that this is the kind of case where both sides are entitled to dig a bit for dirt in the other's background. Within reasonable grounds, I believe that is accurate. Okay. Can you explain why instead of rescheduling the deposition, which is what the attorney suggested, and seeking a targeted order or seeking a targeted order that Mr. Gregory appear and answer these deposition questions, Mr. Bird jumped to dismissal with prejudice? Well, Your Honor, I believe that there was a targeted order in this case, as described in Evans, when Dr. Bird went into court and obtained an order requiring the deposition to proceed via Zoom. In this case, we're missing the fact that Dr. Bird initially noticed Gregory's deposition for August 6th. He objected to that deposition. So Dr. Bird did take the appropriate next step by going in on a motion and obtaining an order from the court, specifically and expressly overruling Gregory's objections to the Zoom format and then ordering him to proceed with the deposition via Zoom. The only arguments at that point, I mean, to get to your question, at that point, we have a situation where the predicate for a Rule 37b sanction has been met based on Gregory's failure to comply with that court order. The committee comments to Rule 37 make it very clear that Rule 37b sanctions are not limited only to orders obtained pursuant to 37a, but they are available to all discovery orders, and in this case, it was appropriate to seek some sanctions as opposed to requiring the defense counsel to simply eat the cost associated with the deposition, the time spent scheduling it with the Department of Corrections, the time spent preparing and obtaining a court reporter. In this case, the choice of sanction issued by the district court is also a matter that's reviewed for an abuse of discretion. There's evidence in the record that the court considered more stringent sanctions, including a restriction on future filings, and considered the lesser sanctions of a fine, finding that with this indigent litigant that would not be a sufficient deterrent. In this case, the court chose the middle path, a dismissal with prejudice. I've never heard dismissal with prejudice described as the middle path. In the context of the court's order, considering more stringent sanctions, which he found to be unnecessary here, the court did not exceed its discretion in dismissing Gregory's case. We ask that this court would affirm the judgment of the district court as the district court did not abuse its discretion. If there's no questions, thank you. Thank you, Hazel. Ms. Abshaw. Just three quick points on rebuttal. First, this is an abuse of discretion standard, but a district court always abuses its discretion by committing an error of law. We think that the court did commit an error of law here. Two, there was no waiver here. As was pointed out, less than a week after the deposition was ended, Gregory wrote to the court. He explained why he terminated the deposition. Was that in his request for counsel? That's correct. In the motion for appointment of counsel, he said, I have full disrespect, disdain, and dismissal of my concerns, so I ended the Zoom session. Confirming that this was raised before the district court, he cross-referenced this motion for appointment of counsel in his opposition to the motion for sanctions, especially where you construe pleadings very liberally in light of him being a pro se plaintiff. He presented these concerns to the district court. And then finally, a brief mention was made to an objection being noticed  Again, I just want to reemphasize that under the rules, you can only undertake a deposition remotely through stipulation or by court order. And so to the extent that there was an attempt to get a deposition to be done remotely without a stipulation or a court order, that would have been improper. If there are no further questions, we would ask that the court reverse. Okay, thank you. And thank you, Ms. Upshaw, for accepting the appointment. Thank you. Thank you.